## BOB MILLER v. STATE.

No. A-6783.  Opinion Filed August 17, 1929.
(279 Pac. 986.)

H. E. Chandler, for plaintiff in error.

A. L. Commons, Co. Atty., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ottawa county on a charge of having unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for 30 days.

The defendant filed his timely motion to suppress the evidence secured under the search warrant, for the reason that the search warrant was wholly insufficient to authorize the search of the premises of the defendant. The search warrant reads as follows:

"Before I. W. Testerman, Justice of the Peace of Fairland Township in Said County.

"State of Oklahoma v. Robert Miller.

"State of Oklahoma, to any Sheriff, Constable, Marshal or Policeman in this State—Greeting:

"Proof by affidavit having this day been made before me by John Faristine that (2) Robert Miller is located on south end of Maple street to left on lot No. 75. You are therefore, in the name and by the authority of the state of Oklahoma, hereby commanded, that taking all necessary assistance, you immediately, in the, (b) make diligent search of the above described premises, and if any or all of the above described property be found upon said premises, or upon the person of the said Robert Miller that you take the same into custody, and forthwith arrest the said Robert Miller and bring him, together with said property, forthwith before me at my

office in Fairland in said county, then and there to be dealt with according to law.

"Witness my hand this 12 day of February, A. D. 1927.

"I. W. Testerman, Justice of the Peace."

The trial court overruled the motion to suppress. During the progress of the trial the defendant objected to the introduction of any evidence secured under the search warrant, for the reason that the affidavit was wholly insufficient to authorize the issuance of the search warrant. The affidavit reads as follows:

"Before I. W. Testerman, a Justice of the Peace, in Fairland Justice District, Ottawa County, State of Oklahoma.

"State of Oklahoma, Ottawa County:

"John Faristine being duly sworn says: That he has probable cause to believe, and does believe, that intoxicating liquors are being sold, bartered, given away or otherwise furnished, or are being kept for purposes of selling, bartering, giving away or otherwise furnishing, in violation of law, in a certain building in Ottawa county, state of Oklahoma, at Maple street, now used and occupied by Robert Miller at south end of Maple street to left on lot No. 75.

"John Feuerstine.

"Subscribed and sworn to before me this 12 day of February, 1927.

"I. W. Testerman, Justice of the peace."

The trial court should have sustained the defendant's motion to suppress the evidence, and his objection to the introduction of any of the evidence taken under the search warrant, for the reason that both the affidavit and the warrant were wholly insufficient to authorize the search.

150

County attorneys and trial courts should not try cases of this character, where the only evidence to be introduced in the case is secured upon void affidavits and search warrants. It would save the state money and this court time needed for the consideration of other matters to have such cases as this one disposed of by the trial court.

For the reasons stated, the cause is reversed.

EDWARDS, P. J., concurs.

DAVENPORT, J., absent.